UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMAD MAHMOUD JAFAR,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

Civ. Case No.: 05-71568
Cr. Case No.: 01-81053-01
HONORABLE VICTORIA A. ROBERTS

## ORDER DENYING PETITION

**I.  INTRODUCTION**

This matter is before the Court on Petitioner's Motion to Vacate Sentence.  For the reasons stated, the Court DENIES Petitioner's Motion.

**II.  BACKGROUND**

On December 19, 2001, Mohamad Mahmoud Jafar ("Petitioner") and nine others were charged in a six-count indictment alleging chemical trafficking and money laundering.  Petitioner signed a Plea Agreement on January 10, 2003, pleading guilty to counts one and five of the indictment.  Count one charged conspiracy to possess or distribute a List One chemical, knowing, or having reasonable cause to believe that the chemical would be used to manufacture a controlled substance in violation of 21 U.S.C. §§ 846 and 841(c)(2).  Count Five charged laundering of drug proceeds in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (ii).  Both counts carry a maximum sentence of 20 years imprisonment.

As part of the Plea Agreement the parties stipulated to certain facts, including the amount of pseudoephedrine at issue.  The Plea Agreement calculated Petitioner's

offense level at 35 after deducting three points for acceptance of responsibility, and calculated his criminal history category as I. The Sentencing Guideline Range was 168-210 months. The Plea Agreement requested a sentence of no more than 189 months imprisonment. The Plea Agreement also contemplated that the Government would file a motion for downward departure based on substantial assistance.

The Presentence Investigation Report, prepared by the Probation Office and adopted by the Court, found that Petitioner was an organizer of the criminal activity and enhanced his offense level by four points. Thus, his offense level, minus a three point reduction for acceptance of responsibility, was 39. Petitioner's criminal history level remained I. The new offense level set Petitioner's Sentencing Guideline Range as 262 to 327 months incarceration.

The Government subsequently filed a motion for downward departure, under seal, recommending a sentence of 189 months imprisonment– 73 months less than the Court's minimum guideline calculation. The Court granted the motion for downward departure, but rejected the Government's recommendation. Instead, the Court imposed a sentence of 72 months incarceration. Petitioner did not file a direct appeal to his conviction or sentence, but now files this motion to vacate sentence. It should be noted that in the Plea Agreement, Petitioner agreed that if there was to be a departure for substantial assistance, the amount of the departure was to be determined by the Court.

### III. APPLICABLE LAW AND ANALYSIS

#### A. *Ineffective Assistance of Counsel Claim*

In *Kinnard v. United States*, 313 F.3d 933, 935 (6th Cir. 2002), the Sixth Circuit restated the test for ineffective assistance of counsel, relying on *Strickland v.*

*Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984):

> A two-prong test establishes ineffective assistance of counsel: 1) the defendant must show that his counsel's performance was deficient; and 2) prejudice must have resulted to counsel's defendant from deficient performance. The first prong requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. The second prong requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial.

Petitioner cannot establish that counsel's failure to file an appeal was ineffective assistance. Paragraph 7 of the Plea Agreement states:

> If the court imposes a sentence equal to or less than the maximum sentence described in ¶ 2 of this agreement, defendant waives any right he may have to appeal his conviction or sentence, including any right under 18 U.S.C. § 3742 to appeal on the grounds that the sentence was imposed as a result of an incorrect application of the sentencing guidelines.

Paragraph 2 of the Agreement suggested a maximum sentence of 189 months incarceration. The Court sentenced Petitioner to 72 months incarceration. Thus, if true, counsel's failure in this instance to file an appeal on Petitioner's behalf is neither deficient nor prejudicial in light of the terms of the Plea Agreement. Petitioner's claim of ineffective assistance of counsel fails.

### B. Booker Claim

Petitioner appears to allege that the Court committed error by mandatorily applying the sentencing guidelines and engaged in judicial fact finding in violation of his Sixth Amendment rights under *United States v. Booker*, 160 L. Ed. 2d 621, 125 S. Ct. 738 (2005) in the determination that he was an organizer of the criminal activity charged in the indictment. Without discussing the merits of Petitioner's allegations, the Court rejects this claim.

The Sixth Circuit held that the Supreme Court's decision in *United States v.*

*Booker*, which covers Petitioner's claim, does not apply retroactively to cases already final and challenged on collateral review. *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). Petitioner did not pursue a direct appeal. Thus, his conviction became final ten days after the entry of the judgment of conviction. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426-427 (6th Cir. 2004).

To obtain collateral relief after failing to file a direct appeal, a petitioner must meet the "cause and actual prejudice" standard outlined in *Davis v. United States*, 411 U.S. 233 (1973). In other words, Petitioner must show both an "objective factor external to the defense served as an impediment to raising the claim," and that the objective external factor worked to his actual and substantial disadvantage, "infecting his entire trial with error." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Petitioner cannot prove "cause" under the *Frady* test. Indeed, a successful ineffective assistance of counsel claim may establish an objective external factor sufficient to overcome the "cause" prong of the test. *Ratliff v. U.S.*, 999 F.2d 1023, 1025 (6th Cir. 1993). However, for reasons already stated, Petitioner cannot mount a successful ineffective assistance claim. Therefore, this avenue is closed to him.

Given that Petitioner's failure to satisfy the "cause" prong of the test is dispositive, the Court need not address any claimed "actual prejudice." Consequently, Petitioner's Booker claim is procedurally defaulted. Since this case had no direct appeal and is before the Court on collateral attack, *Humphress* is applicable. The Court denies Petitioner's motion.

   *C.* *Petitioner's Motion for Rule 35 Reduction In Sentence*

The Court denies Petitioner's Motion for a Rule 35 reduction in sentence. A

motion pursuant to Rule 35 must be made by the Government. F.R.Cr.P. 35(b) ("Upon the government's motion made within one year of sentencing, the court may reduce a sentence if..."). The Government made, and the Court granted, a motion for downward departure under the Sentencing Guidelines for substantial assistance, discussed *supra*. No motion has been made by the Government regarding post-sentencing substantial assistance. Therefore, the Court denies Petitioner's request for a reduction pursuant to Rule 35(b).

## IV. CONCLUSION

For these reasons, the Court DENIES Petitioner's motion to vacate sentence pursuant to 28 U.S.C. 2255.

**IT IS SO ORDERED.**

**s/Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**

**Dated: July 25, 2005**

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 25, 2005.**

**s/Linda Vertriest**
**Deputy Clerk**