UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMAD MAHMOUD JAFAR,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

Civ. Case No.: 05-71568
Cr. Case No.: 01-81053-01
HONORABLE VICTORIA A. ROBERTS

## ORDER DENYING PETITION

### I. INTRODUCTION

This matter is before the Court on Petitioner's Motion to Amend or Alter Judgment of the Court's July 25, 2005 Order Denying Petition. The Court views Petition's request as a Motion for Reconsideration and DENIES Petitioner's Motion.

### II. BACKGROUND

The background of this matter is outlined in the Court's Order Denying Petition. *Jafar v. United States*, Cr. Case No. 01-81053 (E.D. Mich. July 25, 2005). In that Order, the Court denied Petitioner motion based on allegations of ineffective assistance of counsel, a claim under *United States v. Booker*, and a request for a reduction in sentence pursuant to Rule 35. Petitioner now contends that he should have a reduction in sentence because: (1) of assistance he provided in a matter before United States District Judge Robert Cleland; and, (2) the Court's previous order finding his claim based on *United States v. Booker* untimely, is erroneous.

### III. APPLICABLE LAW AND ANALYSIS

A Rule 59(e) motion may be properly analyzed as a motion for reconsideration

pursuant to Local Rule 7.1. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999). Local Rule 7.1(g)(3) of the Eastern District of Michigan notes that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

    A.    Rule 35 Reduction In Sentence

In the previous Order, the Court noted:

> The Court denies Petitioner's Motion for a Rule 35 reduction in sentence. A motion pursuant to Rule 35 must be made by the Government. F.R.Cr.P. 35(b) ("Upon the government's motion made within one year of sentencing, the court may reduce a sentence if..."). The Government made, and the Court granted, a motion for downward departure under the Sentencing Guidelines for substantial assistance... No motion has been made by the Government regarding post-sentencing substantial assistance. Therefore, the Court denies Petitioner's request for a reduction pursuant to Rule 35(b).

Petitioner appears to contend that he provided substantial assistance in a matter before Judge Cleland. Even if true, a Rule 35(b) motion must be made by the Goverment and the Court is not empowered to act absent such a motion for the Government. The text of the rule is explicit. The Government has not filed a Rule 35(b) motion. The Court finds no palpable defect in its original Order. Therefore, the Court denies Petitioner's motion.[1]

    B.    Dodd v. United States

The Court denied Petitioner's claim under *United States v. Booker* as untimely.

---

[1] Petitioner's counsel suggests he contact the Assistant United States Attorney involved in his matter to discuss a Rule 35(b) motion if substantial assistance was provided in the matter before Judge Cleland. That would be the proper route to seek a Rule 35(b) motion– not making a direct request to this Court.

Petitioner contends that a recent Supreme Court case, *Dodd v. United States*, 125 S.Ct. 2478 (2005), allows his *United States v. Booker* claim to proceed. The Court disagrees.

In *Dodd v. United States*, the Supreme Court interpreted the statute of limitations section of 28 U.S.C. § 2255. The section at issue is P6, which states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>   (1) the date on which the judgment of conviction becomes final;
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In *Dodd*, the petitioner argued that the timeliness of his 2255 motion should be determined by the date upon which the newly recognized right was made retroactive, not by on the date the Supreme Court first recognized the right. The Supreme Court disagreed, finding that "What Congress has said in P6(3) is clear: an applicant has one year from the date on which the right he asserts was initially recognized by [the Supreme] Court." *Id.* at 2482. Importantly, the Court continued,

> "[The second] clause– "if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"– imposes a condition on the applicability of this subsection... It therefore limits P6(3)'s application to cases in which applicants are seeking to assert rights 'newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'"

*Id.* Thus, P6(3) "does not apply at all if the conditions in this second clause... have not been satisfied." *Id.* As this Court noted in its earlier Order, in *Humpress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005), the Sixth Circuit declined to apply *United*

*States v. Booker* retroactively to cases already final and challenged on collateral review. Thus, the second clause of P6(3) of 28 U.S.C. 2255 is inapplicable and the Court finds no palpable defect in its original Order.

### IV. CONCLUSION

For these reasons, Petitioner's motion is DENIED.

**IT IS SO ORDERED.**

                                        **S/Victoria A. Roberts**
                                        **Victoria A. Roberts**
                                        **United States District Judge**

**Dated: August 11, 2005**

> **The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 11, 2005.**
>
> **s/Carol A. Pinegar**
> **Deputy Clerk**