UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMAD MAHMOUD JAFAR

       Petitioner,

v.

                                                Civil No. 05-71568
                                                Criminal No. 01-81053
                                                Honorable Victoria A. Roberts

UNITED STATES OF AMERICA,

       Defendant.
_____

**ORDER GRANTING IN PART AND DENYING IN PART
PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY**

On July 25, 2005 the Court denied the Petitioner's 28 USC § 2255 Motion to Vacate, Set Aside, or Correct Judgment and Sentence. On August 11, 2005, the Court denied the Petitioner's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e), which was treated as a Motion for Reconsideration. The Petitioner now moves for a Certificate of Appealability.

An appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. *See* 28 USC § 2253(c)(1)(A) and F.R.A.P. 22(b). If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b).

In order to obtain a certificate of appealability, a prisoner must make a substantial

showing of the denial of a constitutional right. The substantial showing threshold is satisfied when a petitioner demonstrates that the issues raised are debatable among reasonable jurists, that the court could resolve issues differently, or that the questions deserve to proceed further. *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983); *see also Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063, 1073 (6th Cir. 1997).

The Supreme Court recently explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). "A prisoner seeking a COA must prove 'something more than absence of frivolity' 'or the existence of mere good faith on his or her part." *Id*. at 338. However, the Court stated that a prisoner need not prove that some jurists would grant the petition for habeas corpus. *Id*. "Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Id*.

In this Circuit, the court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. *See Murphy v. State of Ohio*, 263 F.3d 466 (6th Cir. 2001)(*per curiam*). If granted, the court must identify the issues for which the applicant made the required showing. 28 USC § 2253(c)(3); F.R.A.P. 22(b). Where the petition for writ of habeas corpus was dismissed on procedural grounds, "[d]etermining whether a certificate of appealability should issue has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding. Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal." *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000).

The Petitioner signed a plea agreement on January 10, 2003, pleading guilty to two charges.  The first count was conspiracy to possess or distribute a List One chemical, knowing, or having reasonable cause to believe that the chemical would be used to manufacture a controlled substance in violation of 21 USC §§ 846 and 841(c)(2).  The second count was for laundering of drug proceeds in violation of 18 USC § 1956(a)(1)(B)(i) and (ii).  The Petitioner sought habeas relief for his convictions on the following grounds:

- A. That he was denied the right to effective assistance of counsel when his trial lawyer failed to file an appeal of his sentence;
- B. That his Sixth Amendment right to trial by jury was violated because his sentence was enhanced by judicial fact-finding and not subjected to the reasonable doubt standard;
- C. That his sentence should have been reduced pursuant to Federal Rule of Criminal Procedure 35(b).

On review, the Court found the Petitioner did not make a sufficient showing on any of the grounds.  Consequently, the Court denied Petitioner's 28 USC § 2255 Motion to Vacate, Set Aside, or Correct Judgment and Sentence on July 25, 2005.  The Petitioner's Motion pursuant to Federal Rule of Criminal Procedure 59 was also denied.

The Court finds that the Petitioner has made a substantial showing that reasonable jurists could disagree regarding ground A, ineffective assistance of counsel, and ground B, Sixth Amendment right to trial by jury violation.  The Court finds the Petitioner has not made a substantial showing that reasonable jurists could disagree, that the court could resolve the issue differently, or that the question deserves to proceed further with regard to the Petitioner's request for sentence reduction pursuant to Federal Rule of Criminal Procedure 35.

Accordingly, Petitioner's Motion for a Certificate of Appealability is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**

                                          **S/Victoria A. Roberts**
                                          **Victoria A. Roberts**
                                          **United States District Judge**

**Dated: September 22, 2005**

> **The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 22, 2005.**
>
> **s/Carol A. Pinegar**
> **Deputy Clerk**